FILED

2014 JAN 28 AM 10: 53

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818) 478-2822 (Office)
(818) 436-5966 (Fax)
e-mail: ldell@louisdell.com

Attorney for Plaintiff,
MARIANA GOSCHIN

## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

MARIANA GOSCHIN,

    Plaintiffs,

vs.

GCFS, INC., dba Greater California Financial Services, and DOES 1 to 10, inclusive,

    Defendants.

CASE NO. CV14-640 STO (Ex)

**COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL**

Plaintiff, MARIANA GOSCHIN, by her attorney, states as follows:

### INTRODUCTION

1. This is an action for damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq.*] and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") [Cal. Civ. Code § 1788, *et. seq.*] each of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." 15 U.S.C. 1692(e).

-1-

1. Non-compliance with the regulations will subject the debt collector to liability. 15 U.S.C. § 1692k.

2. 3. The California Rosenthal Act was enacted in 1976 to ensure the integrity of our banking and credit industry. Cal. Civ. Code § 1788.1(a)(i). The Legislature found that unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

4. Plaintiff, MARIANA GOSCHIN, through her attorney, brings this action to challenge the actions of GCFS, Inc., dba Greater California Financial Services, and other as yet unnamed defendants with regard to attempts by them to unlawfully and abusively collect a debt allegedly owed by the plaintiff, and this conduct caused the plaintiff to suffer damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to the plaintiff's counsel, which the plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, the plaintiff alleges that any violations by the defendants were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. For the purpose of this Complaint, unless otherwise indicated, "defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendant(s) named in this caption.

## JURISDICTION

9. This court has jurisdiction under the provisions of FDCPA, 15 U.S.C. § 1692k(d), and supplemental jurisdiction over any state law claims asserted herein.

## PARTIES

**Complaint for Damages and Demand for Jury Trial**

10. Plaintiff MARIANA GOSCHIN is a natural person, and resides in the State of California, County of Los Angeles.

11. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and is entitled to protection under the Fair Debt Collection Practices Act.

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. Defendant, GCFS, INC., dba Greater California Financial Services, is a California corporation with its principle place of business in Paso Robles, California. It is a debt collector within the definition of Title 15, United States Code, § 1692a. As a debt collector, this defendant's business includes the collection of any debts, or is one which regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. At all times relevant, the defendants were attempting to collect or collecting a debt within the definition of Title 15, United States Code, § 1692a(5) which means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2( c).

16. The alleged debt which the defendant attempted to collect from Plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f), in that it was incurred primarily for personal, family, or household purposes.

17. Plaintiff is ignorant of the true names and capacities of defendants sued

Complaint for Damages and Demand for Jury Trial

herein as DOES 1 to 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner to plaintiff as hereinafter alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

18. At all times material, each defendant was the agent, servant, and employee of the other defendant, and, at all such times, was acting pursuant to and within the course and scope of such relationships.

## FACTUAL ALLEGATIONS

19. Around May 15, 2012, the plaintiff received a collection letter from the defendant which stated that it had been assigned an account formerly belonging to Wells Fargo Bank N.A. / Wells Fargo Card Services pertaining to the plaintiff's alleged delinquency of a credit card with an account number ending with 1480). The letter stated that the plaintiff owed $12,943.14.

20. Plaintiff did not owe $12,943.14. The collections action sought an incorrect and false amount of money from the plaintiff because plaintiff had no such credit card with that principal owing or that rate of interest. The collections action is a false representation of the amount of money owed on the alleged debt. (15 U.S.C. § 1692e(2)).

21. Around July 30, 2012, the plaintiff received a collection letter from the defendant which stated that it had been assigned an account formerly belonging to Wells Fargo Bank N.A. / Wells Fargo Card Services pertaining to the plaintiff's alleged delinquency of a credit card with an account number ending with 1480). The letter stated that the plaintiff owed $13,444.13.

22. Plaintiff did not owe $12,943.14. The collections action sought an incorrect and false amount of money from the plaintiff because plaintiff had no such credit card with that principal owing or that rate of interest. The collections action is a false

-4-

**Complaint for Damages and Demand for Jury Trial**

representation of the amount of money owed on the alleged debt. (15 U.S.C. § 1692e(2)).

23. Around August 15, 2012, the plaintiff received a collection letter from the defendant which stated that it had been assigned an account formerly belonging to Wells Fargo Bank N.A. / Wells Fargo Card Services pertaining to the plaintiff's alleged delinquency of a credit card with an account number ending with 1480). The letter stated that the plaintiff owed $13,549.61.

24. Plaintiff did not owe $12,943.14. The collections action sought an incorrect and false amount of money from the plaintiff because plaintiff had no such credit card with that principal owing or that rate of interest. The collections action is a false representation of the amount of money owed on the alleged debt. (15 U.S.C. § 1692e(2)), used false or deceptive representations or means to collect or attempt to collect any debt (15 U.S.C. § 1692e(10)).

25. Around October 19, 2012, the plaintiff received a collection letter from the defendant which stated that it had been assigned an account formerly belonging to Wells Fargo Bank N.A. / Wells Fargo Card Services pertaining to the plaintiff's alleged delinquency of a credit card with an account number ending with 1280). The letter stated that the plaintiff owed $13,549.61.

26. Plaintiff did not owe $12,943.14. The collections action sought an incorrect and false amount of money from the plaintiff because plaintiff had no such credit card with that principal owing or that rate of interest. The collections action is a false representation of the amount of money owed on the alleged debt. (15 U.S.C. § 1692e(2)).

27. On October 11, 2012, the defendant filed a collections action against the plaintiff titled *GCFS, Inc. v. Mariana Goschin*, Los Angeles Superior Court Case No. 12E10100. The collections action alleged causes of action for breach of contract and common counts, and sought damages in the amount of $10,029.49 plus interest at the rate of 23.99 percent per year from the date of February 28, 2011, attorney fees in the

Complaint for Damages and Demand for Jury Trial

1 amount of $690.88, and costs of the suit. The collections action alleged that the
2 plaintiff had fallen delinquent on a credit card agreement (account no. ending with
3 1480) with Wells Fargo Bank N.A. / Wells Fargo Card Services. It alleged that the
4 collection account had been assigned to Absolute Resolutions, Inc. who then assigned
5 it to GCFS, Inc. and the defendant herein.

6     28. Once the plaintiff was served with the collections action, she hired an
7 attorney who filed an answer, denying any liability, and conducted discovery to
8 ascertain the merits of the collections action.

9     29. The collections action was voluntarily dismissed by the defendant on or about
10 October 17, 2013 prior to trial. There was no settlement and no recovery on the part
11 of the defendant.

12     30. The collections action violated the FDCPA a set forth in this complaint.

13     31. At the time the first collection letter was sent and the time the collections
14 action was dismissed, and at all times throughout, the defendant had not been
15 assigned the collection account and were not otherwise authorized to engage in debt
16 collection thereon. The collection letters and collections action are each a false
17 representation of the legal status of the debt (15 U.S.C. § 1692e(2)) which threatened
18 to or took action which could not legally be taken by it (15 U.S.C. § 1692e(5)), used
19 false or deceptive representations or means to collect or attempt to collect any debt
20 (15 U.S.C. § 1692e(10)), and used unfair or unconscionable means to collect or
21 attempt to collect any debt (15 U.S.C. § 1692f(1)).

22     32. Prior to the filing of the collections action, the applicable statute of
23 limitations had already run on the collection account. The collections action is a false
24 representation of the legal status of the debt (15 U.S.C. § 1692e(2)) which threatened
25 to or took action which could not legally be taken by it (15 U.S.C. § 1692e(5)), used
26 false or deceptive representations or means to collect or attempt to collect any debt
27 (15 U.S.C. § 1692e(10)), and used unfair or unconscionable means to collect or
28 attempt to collect any debt (15 U.S.C. § 1692f(1)).

**Complaint for Damages and Demand for Jury Trial**

33. Plaintiff did not owe the principal debt of $10,029.49 nor interest of 23.00 23.99 percent per year from the date of February 28, 2011. The collections action sought an incorrect and false amount of money from the plaintiff because plaintiff had no such credit card with that principal owing or that rate of interest. The collections action is a false representation of the amount of money owed on the alleged debt. (15 U.S.C. § 1692e(2)).

34. Each of the acts described above constitute continuing violations under the FDCPA and California Rosenthal Act which continued up and until the collections action was dismissed.

35. Each of the acts described above violated FDCPA, Title 15 U.S.C. § 1692e(10) by using false or deceptive representations or means to collect or attempt to collect any debt.

36. Each of the acts described above violated FDCPA, Title 15 U.S.C. § 1692f(1) by using unfair or unconscionable means to collect or attempt to collect any debt.

37. Each of the acts described above violated FDCPA, Title 15 U.S.C. § 1692d which prohibits engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

38. Because each of the above actions violated the language the FDCPA, the each of the actions also violated Cal. Civ. Code § 1788.17 as it incorporates the FDCPA.

39. As a direct and proximate result of all acts, omissions, and consequences thereof, each plaintiff has sustained statutory and actual damages including emotional distress and pecuniary loss, including:

    a.    Statutory damages.

    b.    Actual damages.

    c.    The plaintiff incurred attorney fees and court costs in defending herself in the unlawful collections action.

    d.    Humiliation, emotional distress, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

**Complaint for Damages and Demand for Jury Trial**

  e. Risk or actual damage to credit rating, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms he would have been able to obtain had the defendant not so acted. The plaintiff has abstained from applying for credit, and/or had adverse action taken on existing credit accounts and/or were denied credit.

40. Plaintiff is entitled to attorney fees and costs pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30.

## FIRST CAUSE OF ACTION
## (FDCPA)

41. Plaintiff repeats and realleges the allegations of paragraphs 1 through 40 of this complaint.

42. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

43. The defendant acts as described above were done intentionally with the purpose of coercing the plaintiff to pay the debt.

44. The defendant are liable to plaintiff for each and every violation described in this complaint under Federal law Title 15, United States Code § 1692k.

## SECOND CAUSE OF ACTION
## (California Rosenthal Act)

45. Plaintiff repeats and realleges the allegations of paragraphs 1 through 44 of this complaint.

46. The foregoing acts and omissions constitute violations of the California Rosenthal Act, Cal. Civ. Code § 1788 *et. seq.*

47. The defendant acts as described above were done intentionally with the purpose of coercing the plaintiff to pay the debt.

48. The defendant are liable to plaintiff for each and every violation described in this complaint under Cal. Civ. Code § 1788.30.

**Complaint for Damages and Demand for Jury Trial**

## THIRD CAUSE OF ACTION

## (Malicious Prosecution)

49. Plaintiff repeats and realleges the allegations of paragraphs 1 through 49 of this complaint.

50. At all times the defendant knew or had constructive knowledge that it had no authority to collect on the alleged debt. Furthermore, the defendant knew or had constructive knowledge that the statute of limitations had already passed by the time its lawsuit was filed.

51. The defendant intentionally filed the collections action with the intent to coerce the plaintiff into paying on an invalid debt.

52. Given that the defendant was aware of the invalidity of the debt, its actions were taken without probable cause, and with malice.

53. As a direct and proximate cause of the collections action, the plaintiff incurred attorney fees to defend herself, emotional distress, embarrassment, and other damages.

54. As additional damages against defendants, plaintiff alleges that defendants were guilty of malice, fraud, oppression as defined in California Civil Code § 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendants. The amount of exemplary damages is not stated pursuant to California Code of Civil Procedure section 425.10.

WHEREFORE, each plaintiff prays judgment in his/her favor against each defendant as follows:

### FOR THE FIRST CAUSE OF ACTION:

1. Actual damages sustained by each plaintiff;
2. Statutory damages of no less than $1,000 for each violation;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

Complaint for Damages and Demand for Jury Trial

FOR THE SECOND CAUSE OF ACTION:
1. Actual damages sustained by each plaintiff;
2. Statutory damages of no less than $1,000 for each plaintiff;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

FOR THE THIRD CAUSE OF ACTION:
1. Actual damages sustained by each plaintiff;
2. Statutory damages of no less than $1,000 for each plaintiff;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

FOR THE FOURTH CAUSE OF ACTION:
1. Compensatory damages sustained by the plaintiff;
2. Punitive damages;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: January 27, 2014

LAW OFFICE OF LOUIS P. DELL

Louis P. Dell, Esq.
Attorney for Plaintiff,
MARIANA GOSCHIN

**Complaint for Damages and Demand for Jury Trial**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __S. James Otero__ and the assigned Magistrate Judge is __Charles F. Eick__.

The case number on all documents filed with the Court should read as follows:

**CV14-640-SJO(Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 28, 2014                     By  C. Sawyer
Date                                     Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

Name & Address:
LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91501
818-478-2822

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MARIANA GOSCHIN,

PLAINTIFF(S)

v.

GCFS, INC., dba Greater California Financial Services,
and DOES 1 to 10, inclusive,

DEFENDANT(S).

CASE NUMBER

**CV14-640 SJO (Ex)**

**SUMMONS**

TO: DEFENDANT(S): GCFS, INC., dba Greater California Financial Services, and DOES 1 to 10, inclusive,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Louis P. Dell, whose address is The Dell Building, 715 South Victory Blvd., Burbank, CA 91502. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __1-28-14__

Clerk, U.S. District Court

By: __CHRIS SAWYER__
Deputy Clerk
1149
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                              SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARIANA GOSCHIN

**DEFENDANTS**
GCFS, INC., dba Greater California Financial Services

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

LOUIS P. DELL, ESQ. (SBN 164830), LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.   818-478-2822
Burbank, CA 91502

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be Determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act, 15 U.S.C. § 1692

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV14-640

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                   CIVIL COVER SHEET                                   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____[signature]_____  Date January 27, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |